No. 25551

In Re: Interrogatories by the General Assembly as propounded by House Resolution No. 1020, Second Regular Session, Forty-Eighth General Assembly

(497 P.2d 1024)

Decided May 26, 1972.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an original proceeding under Article VI, Section 3 of the Colorado Constitution, wherein this Court consented to answer three interrogatories submitted by the House of Representatives, through the Speaker of the House, in relation to Senate Bill 22, concerning the reapportionment of the State of Colorado into Senate and House Districts.

The legislative action has passed the House of Representa-

tives on second reading and awaits final action, subject to our resolution of the questions propounded. The interrogatories submitted to the Court are as follows:

1. Do the legislative districts created in Senate Bill No. 22 comply with the Supreme Court's definition of the word "compact" contained in *Acker, et al. v. Love, et al.?*

2. If Question No. 1 is answered in the negative which districts contained in Senate Bill No. 22 do not comply with said definition?

3. If Question No. 1 is answered in the negative, is the General Assembly free to cross county lines to make compact districts in light of the language of Article V, Section 47 of the Colorado Constitution?

   We answer the first interrogatory in the affirmative. Consequently, the second and third interrogatories, contingent on a negative answer to the first, require no answer. Inferentially, an answer to the third interrogatory may be found in the comments relating to our decision.

In *Acker v. Love,* 178 Colo. 175, 496 P.2d 75, referred to in Interrogatory No. 1, this Court was primarily concerned with the word "compact." We there said:

"Compactness as used in the constitutional sense. . . concerns a geographic area whose boundaries are as nearly equidistant as possible from the geographic center of the area being considered, allowing for variances caused by population density and distribution, census enumeration districts, and reasonable variations necessitated by natural boundaries and by county lines."

Our indication that preservation of county lines is a necessary consideration in the determination of variations from the ideal in compactness was meant to indicate the importance assigned to this consideration under Article V, Section 47 of the Colorado Constitution. It reads, in pertinent part:

". . . . Except when declared by the general assembly to be necessary to meet the equal population requirements of section 46, no part of one county shall be added to all or part of another county in forming districts. . . ."

The Constitution compels districts to be "as compact in area as possible." The Constitution just as strongly expressly prohibits a part of one county being added to all or part of another county except when necessary to meet the equal population requirements of Article V, Section 46 of the Colorado Constitution.

We note that in the legislative declaration of Senate Bill No. 22 the General Assembly made findings when it was necessary to cross county lines to meet the command of Section 46 in forming the districts. On the other hand, counties were retained intact because population requirements had been met and the crossing of county lines were not necessary. In those instances, some degree of compactness was permissibly sacrificed. Additionally, some discretion must be allowed the legislature in carrying out its constitutional duty of reapportionment. While the addition to or deletion from a particular district might be said to be ill-advised by some, the decision is a legislative one to be upheld provided a constitutional violation is not shown.

It has been amply demonstrated in briefs and arguments before the Court that perfection is not obtainable. An addition or deletion in one area of the state necessarily causes alteration in another. This would be true of any reapportionment plan. Every alternative shown the court and represented as an improvement in the delineation of one district produced a distortion in another area. The geography of the state, population concentrations and their location, the various sizes and shapes of census enumeration districts, and the absence of census blocks in many instances, plus the various sizes and shapes of counties, all militate against one particular or ideal solution to the reapportionment problem.

Thus, with regard to the districting accomplished under Senate Bill No. 22, we determine that substantial compliance was achieved with the constitutional benchmarks noted above. In arriving at this conclusion, it is necessary to keep in mind that the court is not a referee in a contest involving apportionment plans; and although other maps were presented for illustrative purposes, the redistricting accom-

plished under Senate Bill No. 22 is the only plan here under review.

Districts cited as examples of lack of compactness in *Acker v. Love, supra,* as contained in the original Senate Bill No. 18 and House Bill No. 1048, have been altered. All of these districts have been brought into substantial compliance with the guidelines therein prescribed. Indeed, some other districts in the process were also made more compact.

We hold that if enacted, Senate Bill No. 22 would comply with Article V, Section 47 of the Colorado Constitution.